17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Bruce F. DAILEY; Michaele P. Dailey, Debtors.
MERCEDES-BENZ CREDIT CORPORATION, Appellant,
v.
Bruce F. DAILEY; Michaele P. Dailey, Appellees.
 No. 92-36891.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1994.*
Decided Feb. 24, 1994.
 
 Before: REAVLEY,** SKOPIL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mercedes-Benz Credit Corporation ("MBCC") sought to enforce the liquidated damages clause of an automobile lease against Bruce and Michaele Dailey ("Debtors").[1] The bankruptcy court held in favor of the Debtors and MBCC appealed to the Bankruptcy Appellate Panel ("BAP"). The BAP affirmed the bankruptcy court's ruling, albeit on a different ground, and MBCC has timely appealed. For the reasons which follow, we reverse and remand.
 
 
 3
 By a 2-1 majority, the BAP upheld the bankruptcy court's decision on a legal theory that was neither argued by the parties nor based on facts in evidence, concluding that state law should be ignored in the calculation of MBCC's damages because federal bankruptcy law was controlling. We disagree. Federal bankruptcy law is dispositive with respect to determining the status and priority of MBCC's claim, but we must look to state law to decide questions relating to MBCC's rights to the property in question. See Federal Deposit Ins. Corp. v. Soderling (In re Soderling), 998 F.2d 730, 733 (9th Cir.1993) (while federal bankruptcy law controls with respect to determining status and priority of claim, state law controls with respect to determining whether party has an interest in that property).
 
 
 4
 This case therefore stands or falls on the answer to a single question: Did the BAP err by upholding the bankruptcy court's decision that it should not look to the terms of the lease in calculating MBCC's damages?[2] In order to answer this question we must independently review the bankruptcy court's decision because we are in as good a position as the BAP to examine the bankruptcy court's findings and conclusions. See Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom), No. 92-15165, slip op. 39, 44 (9th Cir. Jan. 5, 1994).
 
 
 5
 "[T]he rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease[,]" 11 U.S.C. Sec. 365(g), and is deemed to relate back in time, i.e., "[a] claim arising from the rejection ... of an executory contract or unexpired lease ... shall be determined ... the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. Sec. 502(g).[3] Because such a claim for damages is based on a prepetition breach it is not entitled to administrative priority and has only the status of a general unsecured claim governed by applicable nonbankruptcy law. See e.g. George M. Treister, et al., Fundamentals of Bankruptcy Law Sec. 5.04(f) at 253 (2d ed. 1988).
 
 
 6
 The gist of the bankruptcy court's treatment of this issue is that rejection means termination and, since a terminated agreement cannot provide guidance to a court, the bankruptcy court was free to ignore the lease's liquidated damages clause and choice of law provision. We disagree. The lease was merely breached, not rescinded or declared void ab initio, and there is nothing in 11 U.S.C. Secs. 365(g) or 502(g) that prohibits a court from examining the terms of the parties' agreement to determine the amount of damages due the nonbreaching party or the law applicable thereto. As there is nothing in the lease's formula for calculating damages that runs afoul of the Bankruptcy Code, and there was nothing improper in the parties' selection of Washington law,[4] we hold that the bankruptcy court erred by ignoring the lease's damage calculation formula and choice of law provision.
 
 
 7
 Because we find no merit to any of the parties' remaining arguments, the decision appealed from is
 
 
 8
 REVERSED with instructions to the BAP to remand to the bankruptcy court for a determination of MBCC's damages under the terms of the lease's liquidated damages clause as interpreted by Washington law.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Bruce Dailey's wife, Michaele, was not a party to the lease, for purposes of this appeal we will refer to both her and her husband as the Debtors
 
 
 [2]
 In framing the issue this way we recognize that the BAP upheld the bankruptcy court's decision on a ground other than the lower court's holding that the lease terms were inapplicable and that damages were governed by Montana law
 
 
 [3]
 "[T]he effect on a nondebtor party of a rejection of an executory contract or lease as a breach relates back to the date of the filing of the petition. In short, section 502(g)
 'gives entities injured by the rejection of an executory contract or unexpired lease, either under section 365 or under a plan of reorganization a pre-petition claim for any resulting damages, and requires that the injured entity be treated as a pre-petition creditor with respect to that claim.' "
 
 
 [3]
 William M. Collier, Collier on Bankruptcy p 502.07 at 502-97 (Lawrence P. King, et al. eds., 15th ed. 1993) (quoting H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 354 (1977) and S.Rep. No. 95-989, 95th Cong., 2d Sess. 65 (1978))
 
 
 [4]
 For example, the lease was entered into in Washington, the subject matter of the lease (viz., the automobile) was obtained in Washington, and one of the parties to the lease is located in Washington and does business in that state